IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNELL EDMONDS,
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

Crim. No. ELH-04-240
Civil Action No. ELH-14-1873

# MEMORANDUM OPINION

Donnell Edmonds has filed a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. ECF 407 ("Motion"). In the Motion, Edmonds challenges his sentence, claiming he was erroneously found to qualify as a career offender under U.S.S.G. § 4B1.1. The government's response in opposition is docketed at ECF 448.

The case dates to 2004, when Edmonds and eleven other individuals were indicted on various offenses. Of relevance here, Edmonds was charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. ECF 1.[1]

The case was initially assigned to Judge J. Frederick Motz. Edmonds was released from prison some time ago, and is presently on supervised release. The case was reassigned to me on April 16, 2018. *See* Docket.

Under 28 U.S.C. § 2255(b), the Court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). This is such a case. No hearing is necessary.

---

[1] Given the age of the case, the text of the Indictment is not available via CM/ECF.

I.   **Factual and Procedural Background**

Edmonds entered into a written plea agreement in which he agreed to plead guilty to the offense of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. ECF 213. Edmonds pleaded guilty before Judge Motz on May 18, 2005. *See* Docket.[2]

Sentencing was held on August 23, 2005. *See* Docket; *see also* ECF 343 (Sentencing Transcript of August 23, 2005). At sentencing, government counsel explained that the parties had anticipated a base offense level of 36, before the three deductions for acceptance of responsibility, and a criminal history category of IV. ECF 343 at 6. With an offense level of 33, Edmonds' guidelines would have been 168 to 210 months of incarceration. However, the Presentence Report ("PSR") reflected that Edmonds qualified as a career offender. *See* ECF 449[3]

As the government explains in its opposition to the Motion (ECF 448), Judge Motz determined that Edmonds qualified as a career offender under U.S.S.G. § 4B1.1. *See* ECF 449, ¶¶ 33, 38. On this basis, Edmonds had a base offense level of 37, an adjusted final offense level of 34, and a criminal history category of VI, resulting in an advisory sentencing guideline range of 262 to 327 months of incarceration. *Id.* at 1-2. But, the prosecutor expressly advised the Court, as follows: "I think he should be sentenced at what was agreed upon." ECF 343 at 7. Therefore, the government recommended a sentence of 168 months, which corresponded to the bottom of the anticipated guidelines range, based on a final offense level of 33 and a criminal history of IV.

---

[2] The Plea Agreement is not available via CM/ECF. Nor was I able to locate it in Judge Motz's file.

[3] I located a copy of the Presentence Report in Judge Motz's file. I docketed the report, under seal. *See* ECF 449. Curiously, the PSR states that defendant pleaded guilty before Judge Richard Bennett. *Id.* ¶ 2.

Judge Motz imposed a sentence of 162 months' imprisonment, along with a period of supervised release of five years. *See* ECF 229 (Judgment of August 24, 2005). Edmonds did not note an appeal.

In April 2008, Edmonds filed a motion for reduction of sentence, seeking retroactive application of the revisions to the sentencing guidelines in relation to drug quantity. ECF 320. On June 9, 2008, Edmonds filed another motion for reduction based on retroactive application of sentencing guidelines. ECF 327.

Judge Motz denied Edmonds' motion for reduction of sentence on May 1, 2009. ECF 359. Edmonds noted an appeal (ECF 360), but the Fourth Circuit dismissed his appeal on August 18, 2009. ECF 364. The Mandate issued on that date. ECF 365.

Through counsel from the Federal Public Defender's Office,[4] Edmonds filed his Motion on June 9, 2014. ECF 407.[5] In his Motion, Edmonds argues that the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013), and the Fourth Circuit's subsequent decision in *United States v. Royal*, 731 F.3d 333, 340-42 (4th Cir. 2013), *cert. denied*, 134 S. Ct. 1777 (2014), establish that Mr. Edmonds was erroneously designated as a career offender under U.S.S.G. § 4B1.1, based on a prior Maryland second-degree assault conviction. Moreover, based on *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), Edmonds argues that the erroneous career offender designation resulted in a severe injustice and a violation of due process. ECF 407 at 9-15. *But see Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc).

At the request of the government (ECF 411), the court initially stayed the Motion on or about July 29, 2014, in order to await the results of pending cases that would be relevant to the

---

[4] Judge Motz appointed counsel for Mr. Edmonds. ECF 409.

[5] Other docket entries are at ECF 405 and 406, reflecting that those submissions were filed in error.

court's disposition. ECF 412. Then, on November 21, 2014, Judge Motz granted Edmonds's motion for a sentence reduction (ECF 370), pursuant to 18 U.S.C. § 3582(c)(2). In particular, Judge Motz reduced Edmonds' sentence of incarceration from 162 months to 130 months. ECF 413.

According to the government, Edmonds was released from incarceration on October 30, 2015. At that point, he began to serve his five-year period of supervised release, which will terminate on or about October 29, 2020. *See* ECF 437; ECF 438 (pertaining to a charge of violation of supervised release).

As noted, the case was reassigned to me on April 16, 2018. On July 19, 2018, I asked counsel to provide a status report. ECF 443. The government filed its report on July 26, 2018. ECF 444. Thereafter, on July 31, 2018, the Federal Public Defender's Office filed a motion to withdraw as counsel. ECF 445. In its Motion, the Federal Public Defender advised that it had asked Edmonds "if he wanted to voluntarily withdraw his § 2255 petition" in light of subsequent judicial developments. However, the Federal Public Defender did not receive a response. I granted the Federal Public Defender's motion. ECF 446. The government filed its response in opposition to the Motion on September 12, 2018. ECF 448.

## II.     Discussion

As noted, in the Motion, Edmonds argues that he was erroneously sentenced as a career offender under U.S.S.G. § 4B1.1, in that one of the two predicate convictions that subjected him to the status of a career offender was his Maryland second degree assault conviction. And, in light of the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013), and the Fourth Circuit's subsequent decision in *United States v. Royal*, 731 F.3d 333, 340-42 (4th Cir. 2013), *cert. denied*, 134 S.Ct. 1777 (2014), Edmonds contends that he no longer qualifies as

a career offender, because his second degree assault conviction under Maryland law categorically is not a crime of violence.

U.S.S.G. § 4B1.1(a) provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2(a) states, in part:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . .

The scope of review of non-constitutional error is more limited than that of constitutional error. *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). A non-constitutional error provides a basis for collateral attack only when it involves "'a fundamental defect which inherently results in a complete miscarriage of justice'" or is "'inconsistent with the rudimentary demands of fair procedure.'" *Id.* at 495-96 (citations omitted); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

It is true that second-degree assault under Maryland law is no longer regarded as a crime of violence, and is no longer a predicate for career offender status. However, "a mistaken career offender designation is not cognizable on collateral review." *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015), *cert. denied*, 135 S. Ct. 2850 (2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination of armed career criminal status, because such a

finding would have required "'a punishment that the law cannot impose upon him.'" *Newbold*, 791 F.3d at 460 (citation omitted).

In *Descamps*, 570 U.S. at 258, the Supreme Court reiterated that the modified categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), does not apply to a state statute with a "single, indivisible set of elements." It stated that sentencing courts "may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.*; *see also e.g.*, *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013); *Begay v. United States*, 553 U.S. 137, 141 (2008); *James v. United States*, 550 U.S. 192, 202 (2008).

Thereafter, in *Royal*, 731 F.3d 333, the Fourth Circuit concluded that Maryland's crime of second-degree assault, Md. Code (2012 Repl. Vol., 2016 Supp.), §3-203 of the Criminal Law Article, is not divisible and therefore is categorically not a crime of violence. *Id.* at 341. The *Royal* Court determined that the district court erred in using the modified categorical approach to determine that the defendant's prior second-degree assault conviction constituted a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). *Id.*

As noted, Edmonds did not note an appeal following the imposition of sentence in August 2005. However, he noted an appeal after the initial denial of his motion for a sentence reduction. That appeal was dismissed in August 2009. ECF 364. Yet, the Motion was not filed until June 9, 2014.

Fed. R. App. P. 4(b)(1)(A)(i) provides: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . the entry of either the judgment or the order being appealed . . . ."; *see also* Fed. R. Crim. P. 45(a); *Clay v. United States*, 537 U.S. 522, 524–25 (2003).

6

A motion under 28 U.S.C. § 2255 is generally subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). Under § 2255(f), the limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Notably, *Descamps* was decided on June 20, 2013. *Royal* was decided on October 1, 2013. Edmonds' Motion was filed within one year of the decision in *Descamps*. Therefore, Edmonds argues that his Petition is timely under § 2255(f)(3), because he filed his Petition within one year of the Supreme Court's decision in *Descamps*, which in his view established a newly recognized right that applies retroactively. ECF 407 at 2.

The government maintains that *Descamps* did not recognize a new right or rule. ECF 448 at 5. Rather, it claims that in *Descamps* the Supreme Court "merely applied an existing principle." *Id.* (collecting cases). Therefore, according to the government, Edmonds' Motion is untimely. *Id.* at 4.

The Supreme Court stated in *Teague v. Lane*, 489 U.S. 288 (1989), that a "new rule" is one that "breaks new ground or imposes a new obligation on the States or the Federal Government." *Id.* at 301. In other words, "'[a] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.'" *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 1264 (2016) (quoting *Teague*, 489 U.S. at 301) (emphasis in *Teague*).

7

Applying this definition, the Supreme Court did not establish a new rule in *Descamps*. Rather, it "simply [reaffirmed] the *Taylor/Shepard* approach, which some courts had misconstrued." *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014). Indeed, the Supreme Court itself recognized in *Descamps* that it was relying on existing precedent. *Descamps*, 570 U.S. at 260 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *see also United States v. Morgan*, 845 F.3d 664, 668 (5th Cir. 2017) ("*Descamps* clearly relies on existing precedent. The Court explicitly says so and spends nearly the whole opinion explaining that viewpoint.).

Indeed, many courts have considered the question of whether the Supreme Court recognized a new right in *Descamps*, and have concluded that *Descamps* merely reiterated an existing principle. *See, e.g.*, *Morgan*, 845 F.3d at 667 ("We agree with our sister courts that *Descamps* did not establish a new rule."); *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) ("*Descamps* did not announce a new rule—its holding merely clarified existing precedent."); *Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) ("We agree with other circuits that the decision in *Descamps* was dictated by the general principles set forth in existing precedent and did not establish a new rule."); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir.) ("*Descamps* clarified application of the modified categorical approach in light of existing precedent."), *cert. denied*, ___ U.S. ___, 136 S. Ct. 256 (2015); *King v. United States*, 610 Fed. App'x 825, 828 (11th Cir.) ("As for *Descamps,* it is not a new rule. It merely applied prior precedent . . . ."), *cert. denied*, 136 S. Ct. 349 (2015); *United States v. Hopson*, 589 Fed. App'x 417 (10th Cir. 2015) ("*Descamps* did not recognize a new right, but rather applied existing doctrine."); *Davis*, 751 F.3d at 775 ("The Supreme Court in *Descamps* explained that it was not announcing a new rule . . . ."); *United States v. Williams*, No. 3:05-CR-173, 2016 WL 7155748,

at *4 (E.D. Va. Dec. 7, 2016) ("'[T]he decision in Descamps was dictated by the general principles set forth in existing precedent and did not establish a new rule.'") (quoting *Headbird*, 813 F.3d at 1097) (alteration in *Williams*); *Scott v. United States*, RDB-08-0034, 2016 WL 3162766, at *3 (D. Md. June 7, 2016) (recognizing that *Descamps* does not recognize a new right or apply retroactively on review); *United States v. Owens*, 3:05-CR-264-HEH, 2016 WL 1562917, at *2 (E.D. Va. Apr. 15, 2016) ("*Descamps* . . . is not a new right that triggers the belated commencement provision of 28 U.S.C. § 2255(f)(3)."), *reconsideration denied*, No. 3:05-CR-264-HEH, 2016 WL 5019163 (E.D. Va. Sept. 16, 2016).

Because *Descamps* relied on existing precedent and did not recognize a "new rule," Edmonds cannot rely on § 2255(f)(3). Accordingly, his Petition was untimely filed and is thus barred under § 2255(f).[6]

Even if the Motion were timely filed, this would not result in a ruling favorable to Edmonds. Although not squarely on point, *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017), is informative. In *Beckles*, the Court determined that the advisory sentencing guidelines are not subject to challenges under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2251 (2015). As the *Beckles* Court stated, "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892.

Moreover, Edmonds was not sentenced as a career offender. The government urged Judge Motz to impose a sentence at the bottom of the guidelines for a non-career offender, as the parties had contemplated. Therefore, it recommended a sentence of 168 months. Judge Motz

---

[6] In light of this disposition, I need not address the government's other contentions, including that a challenge to the career offender designation is not cognizable under § 2255. *See, e.g., Foote*, 784 F.3d at 932; *United States v. Powell*, 691 F.3d 554, 563 (4th Cir. 2012).

9

imposed an even lower sentence. He sentenced Edmonds to 162 months. The career offender guidelines called for a range of 262 to 327 months.

### III. Certificate of Appealability

Unless a certificate of appealabilty ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[7] A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274. 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, this court will not issue a COA.

An Order follows.

Date: September 30, 2018 /s/
Ellen L. Hollander
United States District Judge

---

[7] The denial of a COA does not preclude a petitioner from seeking permission from the appellate court for a COA.